UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GUANGZHOU CATFISH LATEX CLOTHING COMPANY, <br><br> PLAINTIFF, <br><br> V. <br><br> CATFISH IMPORTS, LLC D/B/A LATEX CATFISH, <br><br> DEFENDANT. | CASE NO. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

This is an action for false designation of origin, trademark infringement, unfair competition, anti-cybersquatting, fraud on the USPTO, conversion, theft of trade secrets, breach of contract, and breach of fiduciary duty in which Plaintiff Guangzhou Catfish Latex Clothing Company ("Plaintiff") accused Defendant Catfish Imports, LLC *d/b/a* Latex Catfish's ("Defendant") as follows:

## PARTIES

1. Plaintiff is a Chinese company with its principal place of business at No. 251, Yuan Cun Si Heng Road, Tian He District, Guangzhou, China 510665.

2. Defendant is a Texas limited liability corporation with its principal place of business located at 122 East FM 544 #72/354, Murphy, Texas 75094.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement, unfair competition, and false designation of origin arising under the Lanham Act Section 43(a); for anti-cybersquatting arising

under 15 U.S.C. § 1125(d), and fraud on the USPTO arising under 15 U.S.C. § 1120.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has pendent jurisdiction over Plaintiff's remaining claims as they derive from a common nucleus of operative fact.

5. Venue is proper in this district under 28 U.S.C. § 1391 as Defendant resides within this judicial district.

6. Defendant is subject to this Court's specific and general jurisdiction, because: (1) Defendant has does and continues to do business in Texas; (2) Defendant has committed and continues to commit the acts complained of herein in the state of Texas; (3) Defendant resides within the state of Texas by virtue of its formation under Texas law; and (4) Defendant's principal place of business at 122 East FM 544 #72/354, Murphy, Texas 75094.

## FACTUAL BACKGROUND

7. Plaintiff is a Chinese designer, manufacturer and seller of latex clothing.

8. Plaintiff began its business in 2005 offered its products for sale in the United States under its common law trademark "LATEX CATFISH" as early as December 28, 2008. Declaration of Lin Zhi Yong ("Lin Decl.") at ¶ 2-3, attached hereto as Ex. 1.

9. In 2009 Plaintiff offered its products for sale on Alibaba.com under the mark "CATFISH LATEX".  *See* Lin Decl., Exs. A-B.

10. On March 8, 2008, Defendant caused the domain www.latexcatfish.com to be registered, and Defendant has directly (or through its designee) owned the domain name since that date until it was wrongfully transferred on December 3, 2020.  On as early as December 28, 2008, Defendant began using the www.latexcatfish.com domain for use in selling its goods and services to its customers, including customers within the United States.  Lin Decl. at ¶ 6.

11. Plaintiff promoted its products to U.S. Customers through various social media platforms including YouTube and Flickr at least as early as 2010. *See* Lin Decl., Exs. B-G.

12. Beginning in 2011, Plaintiff began offering its goods and services under the design logo for LATEX CATFISH as shown below. *See also* Lin Decl., Exs. C, E, I, and J.



13. Plaintiff offered its products for sale on the ETSY marketplace at least as early as 2012. *See* Lin Decl., Exs. C-D.

14. Plaintiff has taken numerous photographs for which it owns the copyright. Those photographs are used in conjunction with the sale of its goods under the LATEX CATFISH trademarks. The models in the photographs assigned the right to use the photographs to Plaintiff. *See* Lin Decl., Exs. A, C, F, L and M.

15. These photographs were used, and are indeed still being used, on the www.latexcatfish.com website, as shown below.



Image Captured from www.latexcatfish.com on Dec. 12. 2020



Image captured from Plaintiff's ETSY marketplace on Dec. 31, 2012

16.     Beginning at the end of 2012 and the beginning of 2013, Plaintiff entered into discussions with Defendant's sole owner Douglas Davis where Mr. Davis would serve as Plaintiff's U.S. Manager/Agent.  Under the terms of the agreement, Mr. Davis was to perform the following duties on Plaintiff's behalf: (1) website hosting, setup, and management; (2) securing the payment system; (3) acquiring the necessary security certificates for online financial transactions; (4) banking and financial management for Plaintiff's U.S. operations; and (5) maintaining Plaintiff's customer database.  *See* Lin Decl. at ¶ 16-18.

17.     In 2013, Davis formed the Defendant company to implement the agreement between the parties. Operations under the agreement were successful, with Davis sending

4

monthly reports showing accounting and withholding a commission fee from money distributed to Plaintiff. Defendant/Davis were also reimbursed for any expenses incurred with the business around the latexcatfish.com. *Id*. at ¶ 19.

18. Although Plaintiff's business focused around the latexcatfish.com since 2013, Plaintiff did not intend Davis to be the exclusive agent for its U.S. business. No such agreement was ever made, either orally or in writing. *Id*. at ¶ 20.

19. Plaintiff has continuously used its LATEX CATFISH marks in commerce in the United States since its first use in 2008.

20. On May 21, 2013, Plaintiff filed U.S. Trademark Registration No. 4,509,552 (reproduced below) on its own behalf, claiming a date of first use of July 1, 2005, which is actually the date of first use for Plaintiff, not Defendant. Additionally, the '552 mark is identical to Plaintiff's LATEX CATFISH design mark. Defendant's trademark registration was cancelled on November 13, 2020.



21. On November 27, 2020, Defendant filed two U.S. Trademark Applications, Nos. 90,345,874 and 90,345,910 for the word mark LATEX CATFISH and the design mark shown below. Both of which are identical to Plaintiff's LATEX CATFISH marks. Defendant's claimed date of first use for these new applications is May 1, 2013.

5



22. Defendant performed its duties under the terms of the contract until the end of 2019. "In 2020, Davis failed to send any monthly reports. His distribution of money to [Plaintiff] slowed down significantly. [Plaintiff] is currently unsure of how much money it is owed by [Defendant]. Furthermore, due to the ongoing COVID-19 pandemic, fulfillment of orders began to slow, resulting in refunds and other customer complaints which [Defendant] was to field as part of his role as manager/agent." Lin Decl. at ¶ 21.

23. Plaintiff's relationship with Defendant/Davis began to sour in 2020, Plaintiff contemplated terminating the relationship with Defendant. Perhaps seeing the writing on the wall, Defendant proceeded, without any notice to Plaintiff, to obtain a temporary restraining order and take control of Plaintiff's U.S. business. *Id*. at ¶ 22.

24. On November 30, 2020, Defendant filed a petition in the District Court of Dallas County making numerous false claims including: (1) ownership of the www.latexcatfish.com website and domain; (2) that the Defendant was not Plaintiff's U.S. manager/agent; (3) that Defendant owns the security certifications; (3) that Defendant has used the LATEX CATFISH marks continuously since 2013; (4) that Plaintiff "secretly hijack[ed] the www.latexcatfish.com domain; and (5) that Plaintiff "attempt[ed] to destroy [Defendant's] business by trying to hack into the Catfish's back office login and customer payment area." *See Catfish Imports, LLC v.*

*Gangzhou Catfish Latex Clothing Company*, DC-20-17689, Petition at 2-9, Dkt. No. 1 (Dallas Cunt Ct., Nov. 30, 2020).

25.  On December 2, 2020, at Defendant's urging, and based upon false information supplied by Defendant, the Dallas County Court entered its Temporary Restraining Order, seizing Plaintiff's website, domain, server, payment accounts, and customer information and turning it over to Defendant.  As a result, Plaintiff has suffered grievous economic loss, loss of good will, and loss of ownership and control over its trade secrets and intellectual property rights.

26.  Defendant ceased acting as the U.S. manager/agent for Plaintiff since the filing of this lawsuit. Accordingly, Defendant is no longer authorized by Plaintiff to use the LATEX CATFISH marks. Lin Decl. at ¶ 23.

### **COUNT I - FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

27.  Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Answer.

28.  Defendant's promotion, marketing, offering for sale, and sale of identical goods using colorable imitations of the LATEX CATFISH trademarks has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's goods by Plaintiff.

29.  By using Plaintiff's LATEX CATFISH trademarks, or colorable imitations thereof, in connection with the sale of goods, Defendant create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the goods.

30. Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the goods to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

31. Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## COUNT II - EXCEPTIONAL CASE (15 U.S.C. § 1117)

32. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Answer.

33. Defendant has had knowledge of Plaintiff's trademark rights to the LATEX CATFISH trademarks since at least 2013.

34. Defendant knew that its mark was confusingly similar to Plaintiff's LATEX CATFISH trademarks.

35. Defendant's acts of infringement are therefor malicious, fraudulent, deliberate, and/or willful.

## COUNT III - COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

36. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Answer.

37. Plaintiff's Marks are eligible for protection, Plaintiff is the senior user of the Marks and there is a likelihood of confusion between Plaintiff's LATEX CATFISH trademarks and Defendant's identical mark.

38. By making unauthorized use of Plaintiff's LATEX CATFISH trademarks, Defendant is committing trademark infringement in violation of Texas common law and other applicable common law.

39. Defendant's unauthorized use of Plaintiff's LATEX CATFISH trademarks is knowing, intentional, and willful.

40. As a result of Defendant's acts of trademark infringement, Plaintiff is suffering irreparable harm, for which there is no adequate legal remedy.

41. Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement, and will continue to cause confusion regarding the source of the goods or services and irreparable harm to Plaintiff.

42. Plaintiff is entitled to recover from Defendant its profits, all damages that Plaintiff has sustained from Defendant's infringement and unfair competition, and the costs of this action.

## COUNT IV - ANTI-CYBERSQUATTING

43. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Answer.

44. Plaintiff is the owner of the Marks, which are protected under 15 U.S.C. § 1125(a) and (d).

45. Plaintiff has used the LATEX CATFISH trademark ("Mark") in commerce since 2008.

46. The www.latexcatfish.com domain ("Domain") is identical to and/or confusingly similar to the Mark owned by Plaintiff.

47. Defendant has registered the Domain, trafficked in, and/or used the Domain with bad faith intent to profit from the Mark and Domain.

48. Because of Defendant's actions, Plaintiff is being prevented from using and exercising control over the Domain and Mark.

49. Plaintiff is being harmed by Defendant's use of the Domain.

## COUNT V - FRAUD ON THE UNITED STATES PATENT AND TRADEMARK OFFICE ("USPTO")

50. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Answer.

51. Defendant made false representations of fact to the USPTO. For example, Defendant represented that its date of first use for the Mark was July 1, 2005, long before 2013 when Defendant claims to have started its business.

52. Defendant's false representations of fact were made knowingly. For example, Defendant made its representations knowing that Defendant's date of first use was October 2008, and knowing that Defendant did not even exist as an entity until 2013.

53. Defendant's false representations of fact were material. Defendant's mark was granted based at least in part on the claims July 1, 2005 priority date.

54. Defendant intended to induce the USPTO's reliance on its false representation of fact.

55. Accordingly, the Court should enter judgment that Defendant has engaged in fraud on the USPTO, that any registration for LATEX CATFISH is subject to cancellation base on fraud in the procurement; and should issue an order cancelling those registrations.

## COUNT VI - CONVERSION

56. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Answer.

57. Plaintiff had legal possession of and was entitled to possession of the latexcatfish.com website, domain, and webserver.

58. Defendant acts of transferring the latexcatfish.com domain without Plaintiff's express permission or acquiescence is inconsistent with Plaintiffs rights in the property.

## COUNT VII - THEFT OF TRADE SECRETS

59. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Answer.

60. Plaintiff's customer database includes confidential trade secrets which Plaintiff has taken reasonable efforts to maintain its secrecy.

61. Plaintiff derives substantial economic advantage from its trade secrets and the fact that such information is not generally known or ascertainable.

62. Defendant misappropriated Plaintiff's trade secrets in violation of the Texas Uniform Trade Secrets Act by using Plaintiff's trade secrets without Plaintiff's express or implied permission.

63. Defendant knew or had reason to know at the time of its use of Plaintiff's trade secrets that the trade secret information was acquired under circumstances giving rise to a duty to maintain the secrecy and limit the use of the trade secret.

64. Defendant's misappropriation of Plaintiff's trade secrets has caused an actual loss to Plaintiff and unjustly enriched Defendant.

## COUNT VIII - BREACH OF CONTRACT

65. Plaintiff and Defendant had a valid and enforceable contract.

66. Plaintiff performed its duties under the terms of the contract.

67. Defendant breached its duties under the terms of the contract.

68. Plaintiff has sustained damages as a result of Defendant's breach.

## COUNT IX - BREACH OF FIDUCIARY DUTY

69. As the U.S. manager/agent for Plaintiff, Defendant owed Plaintiff a fiduciary duty.

70. Defendant breached its duty to deal fairly and honestly with Plaintiff, its duty of good faith and fair dealing, and its duty to act with strict integrity by falsely claiming ownership of Plaintiff's intellectual property including Plaintiff's trademark rights and associated goodwill, its trade secrets, its www.latexcatfish.com domain, and its webserver.

71. Defendant's breach of its duties has caused harm to Plaintiff in the form of lost profits and financial losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter:

1. Judgment against Defendant for a sum within the jurisdictional limits of the Court;

2. Prejudgment interest as provided by law;

3. An award of exemplary damages against Defendant as determined by the trier of fact;

4. Post judgment interest as provided by law;

5. Cost of suit;

6. A judgement that Defendant has breach its contract with Plaintiff;

7. A judgment that Defendant has breach its fiduciary duty to Plaintiff;

8. A judgment that ownership, possession, custody, and control over the latexcatfish.com website, domain name, and web server be returned to Plaintiff;

9. A judgment that Defendant has infringed the trademark rights owned by Plaintiff.

10. An injunction that Defendant is permanently banned from using or infringing any of the intellectual property rights owned by Plaintiff.

December 24, 2020  Respectfully submitted,

By: */s/ Neal Massand*
Neal Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF GUANGZHOU CATFISH LATEX CLOTHING COMPANY**